UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. RAMIREZ,<br><br>　　　　Defendant. | Case No. 20-02523 BLF (PR)<br><br>**ORDER DENYING MOTION AND SUPPLEMENTAL MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docket Nos. 6, 9) |

　　　　Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer at Salinas Valley State Prison ("SVSP"), where he is currently housed. Dkt. No. 1.¹ Plaintiff has recently filed a motion for an "emergent request and urgent request for judicial and or request for injunction relief." Dkt. No. 6. Plaintiff subsequently filed a "supplemented motion for injunction pursuant to Fed. R. C.P. 65(a)." Dkt. No. 9. The Court construes these papers as motions for a preliminary injunction under Rule 65(a) and/or temporary restraining order ("TRO") under Rule 65(b).

///

///

---

¹ The matter was reassigned to this Court on April 1, 2022. Dkt. Nos. 7,

# DISCUSSION

## A. Plaintiff's Claims

Plaintiff's complaint alleges that on December 21, 2021, Defendant Ramirez used excessive force when he sprayed Plaintiff with pepper spray, and that Defendant Ramirez did so in retaliation for Plaintiff filing grievances against him and other officers. Dkt. No. 1 at 2-3. The Court notes that Plaintiff does not describe the exact circumstances under which he was pepper sprayed. *Id.*

In his Rule 65 motion, Plaintiff claims Defendant Ramirez along with other SVSP officials again used excessive force, i.e., sprayed him with pepper spray, on March 16, 2022, also in retaliation. Dkt. No. 6 at 2. Plaintiff claims additional officials are failing to protect and intervene. *Id.* According to the copy of the Rules Violation Report ("RVR") that Plaintiff provides with his supplemental TRO motion, Defendant Ramirez charged Plaintiff with "battery on a peace officer," after Plaintiff failed to submit to restraints (handcuffs) and grabbed Defendant's baton from within his cell. Dkt. No. 9 at 5. Plaintiff asserts that court intervention is necessary "to protect [him]" from a "substantial threat of irreparable harm." *Id.* at 3.

## B. Rule 65 – Injunctions and Restraining Orders

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Accordingly, the motion for a preliminary injunction shall not be decided until Defendant has been served in this action and given an opportunity to be heard.

On the other hand, a TRO may be granted under Rule 65(b) without written or oral notice to the adverse party or that party's attorney *only if*: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and

2

irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

Here, Plaintiff's TRO motion is deficient because he has not satisfied the second requirement under Rule 65(b), i.e., certified in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). There is only one Defendant named in this action: Correctional Officer B. Ramirez. Dkt. No. 1 at 2. Plaintiff merely states that Defendant Ramirez "has been served said civil complaint," but provides no explanation as to how or when Defendant was noticed with this action and Plaintiff's TRO motion. Dkt. No. 9 at 2. The only "proof of service" Plaintiff provides is the mailing of his documents to this Court. *Id.* at 3. Accordingly, the Court is not persuaded that Plaintiff has satisfied all the requirements of Rule 65(b). Dkt. No. 9 at 3.

3

Furthermore, even if it could be said that Plaintiff has satisfied Rule 65(b), Plaintiff has failed to establish all the factors under *Winter* to warrant a TRO at this time. First of all, he mentions the *Winter* factors in his motion without presenting any legal arguments. Dkt. No. 9 at 2-3. Moreover, Plaintiff has failed to establish likelihood of success on the merits, which is the first *Winter's* factor. The copy of the RVR attached to Plaintiff's TRO motion indicates that the recent use of force on March 16, 2022, may have been justified. Dkt. No. 9 at 5. Contrary to Plaintiff's assertion that Defendant Ramirez acted without provocation and only in retaliation, the RVR indicates that this was not the case. Rather, the report states that Plaintiff did not comply to Defendant's orders to be handcuffed through the food port but instead reached out and grabbed Defendant's baton, thereafter refusing to comply with Defendant's order to "get down." *Id.* Chemical agents were used to subdue Plaintiff after he refused to comply. *Id.* It appears, therefore, that Defendant's use of force was justified by Plaintiff's aggressive behavior and failure to comply, such that Plaintiff's rights were not violated.[2] If the use of force on December 21, 2021, which is the basis for this action, were under similar circumstances, *i.e.*, Plaintiff was not complying with direct orders, then Defendant Ramirez's use of force at that time may also have been justified. However, Plaintiff has provided no specific description of the circumstances of the December 21, 2021 incident for the Court to determine whether Defendant's use of force could be considered excessive. Dkt. No. 1 at 2-3. As such, it cannot be said that Plaintiff has carried his burden of persuasion that he is likely to succeed on the merits of his excessive force claim against Defendant Ramirez. Therefore, the Court finds that Plaintiff has not established *by a clear showing* that he merits the granting of this extraordinary remedy. *See Lopez*, 680 F.3d at 1072.

Lastly, Plaintiff seeks a TRO against non-parties. An injunction is binding only on

---

[2] Although Plaintiff states that this RVR was "dismissed," Dkt. No. 9 at 1, he does not explain why it was dismissed. An RVR can be dismissed for reasons having nothing to do with its subject matter, e.g., untimeliness or other procedurally defective grounds, such that the factual allegations may still have had merit.

4

parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* None of the other named individuals in the TRO motion are parties to this action. Dkt. Nos. 6, 9. Therefore, the Court has no jurisdiction over these non-parties to enforce a restraining order.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a TRO is DENIED as without merit. Dkt. Nos. 6, 9. The Court will order briefing on Plaintiff's motion for preliminary injunction when the action is served on Defendant.

This order terminates Docket Nos. 6 and 9.

**IT IS SO ORDERED.**

Dated: ___April 21, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Denying TRO
PRO-SE\BLF\CR.22\01568Harris_deny.tro