UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. RAMIREZ,<br><br>　　　　Defendant. | Case No. 22-01568 BLF (PR)<br><br>**AMENDED ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer at Salinas Valley State Prison ("SVSP").[1]  Dkt. No. 1.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.  Dkt. No. 2.  Plaintiff also filed an "emergent request and urgent request for judicial and or request for injunction relief," and a supplemental thereto.  Dkt. Nos. 6, 9.  The Court construed the motion as one for a preliminary injunction under Rule 65(a) and/or temporary restraining order ("TRO") under Rule 65(b) of the Federal Rules of Civil Procedure.  Dkt. No. 10.  The Court denied the TRO, and now orders briefing on the request for a preliminary injunction as set forth below.  *Id.*; *see infra* at 4.

---

[1] This matter was reassigned to this Court on April 1, 2022.  Dkt. No. 8.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that on December 21, 2021, Defendant Correctional Officer B. Ramirez used excessive force on him by spraying him twice with pepper spray, without provocation. Dkt. No. 1 at 2. Plaintiff claims Defendant Ramirez acted in order to make Plaintiff regret filing inmate grievances against other prison officers, and to prevent him from complaining about how officers have been targeting and antagonizing him while depriving him of his rights. *Id.* at 3. Liberally construed, Plaintiff's allegations state cognizable claims of excessive force and retaliation. *See Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *see Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

Plaintiff filed an emergency motion for a preliminary injunction, Dkt. No. 6, and a supplemental thereto, Dkt. No. 9. Plaintiff claims Defendant Ramirez sprayed him again with pepper spray on March 16, 2022, and seeks court intervention to protect him from Defendant. Dkt. No. 6 at 1-2. Defendant Ramirez shall file a response to Plaintiff's motion in the time provided below. *See infra* at 3, paragraph 2.

2

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendant shall be served at SVSP:

   a. **B. Ramirez, Correctional Officer**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No.1, this order of service, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of plaintiff's motion for a preliminary injunction and supplemental thereto, Dkt. Nos. 6, 9.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. **No later than thirty-five (35) days** from the date the CDCR Report of E-Service Waiver is filed, **Defendant shall file an opposition to Plaintiff's motion for**

3

**preliminary injunction and supplemental thereto**. Dkt. Nos. 6, 9.  Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendant's opposition is filed.

    3.    In the same time in which to file an opposition to Plaintiff's preliminary injunction motion, Defendant may file a motion to dismiss under the Federal Rules of Civil Procedure.

        a.    Plaintiff's opposition to Defendant's motion to dismiss shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

        b.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    4.    If no motion to dismiss is filed, no later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect to the claims in the complaint found to be cognizable above.

        a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: _April 29, 2022_____

BETH LABSON FREEMAN
United States District Judge

Am. Order of Service; Directing Def. to File Opp.
PRO-SE\BLF\CR.22\01568Harris_svc.AMEND