UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br>　　　　Plaintiff,<br>　　v.<br>B. RAMIREZ,<br>　　　　Defendant. | Case No. 22-cv-01568 BLF (PR)<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING MOTION FOR RECUSAL**<br><br>(Docket No. 14) |

　　　　Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer at Salinas Valley State Prison ("SVSP"), where he is currently housed. Dkt. No. 1.[1] On April 21, 2022, the Court denied Plaintiff's motion for a temporary restraining order ("TRO"), and later ordered briefing on his motion for a preliminary injunction. Dkt. Nos. 10, 13. Plaintiff has filed a motion for reconsideration and motion to recuse the Undersigned. Dkt. No. 14. For the reasons discussed below, the motions are DENIED.

///

///

---

[1] The matter was reassigned to this Court on April 1, 2022. Dkt. Nos. 7,

# DISCUSSION

## A. Motion for Reconsideration

Plaintiff asserts that the Court "errored [*sic*], overreached or abused her authority or breached her sworn duty and showed prejudice or biasness toward Plaintiff, and or, will possibly do so, and has done some damage to Plaintiff's instant case… and its pending motion for preliminary injunction at issue against C/O B. Ramirez…." Dkt. No. 14 at 2. Plaintiff asserts that the Court did not liberally construe his pleading in denying his motion for a TRO and that its decision damaged his case. *Id*. at 5-6.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Therefore, post-judgment motions for reconsideration are construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment or order under Federal Rule of Civil Procedure 60(b). Furthermore, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). These requirements are similar to those under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiff did not first request leave of Court before filing the motion for reconsideration as required under Local Rule 7-9. As such, the Court will construe the motion as one for leave to do so and analyze whether he has satisfied any of the requirements under Rule 7-9(b). The only applicable grounds for Plaintiff's motion is subsection (3) - a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). But here, there was no such failure by the Court. The Court properly considered all of Plaintiff's pleadings and found he failed to satisfy all the factors under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (20), specifically the first factor -- likelihood of success on the merits. Dkt. No. 10 at 3-4. The problem with Plaintiff's pleading was that he failed to provide a more specific description of the circumstances of the December 21, 2021 incident, which was the basis for this action against Defendant Ramirez, to establish that he was likely to succeed on the merits. *Id.* at 4. Accordingly, the Court did not err in finding Plaintiff failed to carry his burden of persuasion with respect to likelihood of success on the merits to merit the "extraordinary remedy" of a TRO. Dkt. No. 10 at 4, citing *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Nor can it be said that the Court's decision "damaged" Plaintiff's case as he claims. Even though Plaintiff failed to show likelihood of success on the merits to warrant a TRO, the Court found that his allegations, liberally construed, were at least sufficient to state cognizable claims and require an answer from Defendant. Dkt. No. 13 at 2. Furthermore, the Court's findings with respect to Plaintiff's TRO motion does not foreclose his ability to succeed on the preliminary injunction motion if he can persuasively reply to Defendants' opposition which is currently pending. *Id.* at 3-4. Therefore, the Court finds it did not

3

commit clear error nor was its decision manifestly unjust to warrant reconsideration. *See School Dist. No. 1J*, 5 F.3d at 1263.

Based on the foregoing, Plaintiff's motion for leave to file a motion for reconsideration under Local Rule 7-9 is **DENIED**.

### B.  Motion for Recusal

Plaintiff also seeks to disqualify the Undersigned and moves for recusal. Dkt. No. 14 at 1, 5-6.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 applies only to district court judges, while section 455 applies to all federal judges. Under § 144, a judge is not required to refer a motion to recuse to another judge if the motion is neither timely nor legally sufficient. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999). Unlike section 144, section 455 has no provision for referral to another judge; rather, the judge at whom the motion is directed must determine whether bias or prejudice is shown. *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

Title 28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief and, if the party is represented by counsel, must be accompanied by a certificate signed by counsel that it is signed in good faith. *See* 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). If the judge finds the affidavits are not legally sufficient, recusal is simply denied. *See* 28 U.S.C. § 144; *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). Here, assuming the affidavit is timely, the Court finds referral to another judge under section 144 is not necessary as Plaintiff's affidavit is

not legally sufficient being based on mere conclusory allegations as discussed below.

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.* As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Furthermore, judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *see, e.g.*, *In Re Complaint of Judicial Misconduct*, 715 F.3d 747, 748-49 (9th Cir. 2013) (standing alone, judge's dismissal of underlying case on the merits does not support claim of judicial misconduct).

Plaintiff asserts that the Undersigned has "show[n] prejudice or biasness toward Plaintiff, and or, will possibly do so" based on the denial of his TRO motion. Dkt. No. 14 at 2. However, Plaintiff's motion is based solely on this one adverse ruling, which is not an adequate basis for recusal. *See Leslie*, 198 F.3d at 1160. As discussed above, the Court did not err in denying Plaintiff's TRO motion under the applicable law since he failed to satisfy all the requirements to warrant a TRO. *See supra* at 2-3. Furthermore, Plaintiff's assertion that the Court "will possibly" show prejudice or bias in the future is not sufficient grounds because recusal is not warranted based on speculation. *See Clemens v. United*

5

*States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  Other than these allegations, Plaintiff provides no facts by which a reasonable person would conclude that the Undersigned's impartiality might reasonably be questioned.

Plaintiff's conclusory assertions are not sufficient to overcome the presumption that this Court can be fair and impartial in this action.  Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter.  The motion for recusal is **DENIED**.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a motion for reconsideration and motion for recusal are DENIED.  Dkt. No. 14.

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated: ___June 3, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon & Recusal
PRO-SE\BLF\CR.22\01568Harris_deny.recon&recusal